diction, have sometimes raised diplomatic questions as to matters of slight importance, and not in themselves very intricate. Such captiousness may often occasion unjustifiable embarrassments, besides much expense and inconvenience. In this case, the consul in no respect interfered with the libellant's invocation of the subsequent interposition of this court, but merely suggested the improbability that the court would entertain the jurisdiction. The consul appears, very properly, to have employed Mr. Mitcheson as proctor and advocate in the cause, but, in form, as proctor and advocate for the respondent, and not of the consulate.

Whereupon MacGregor J. Mitcheson, as proctor and advocate for defendant, in open court, tendered to pay to Morton P. Henry, libellant's proctor, the sum of one hundred and three dollars and seventy-six cents as in the said decree adjudged; which said sum of money the said libellant's proctor then and there declined to accept, and appealed from the decision of the court to the circuit court of the United States. This appeal was dismissed.

---

## TOWNSHIP OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the townships.]

---

TOWNSHIP OF PINE GROVE (TALCOTT v.). See Case No. 13,735.

TOWN TREASURER OF CRANSTON (HOLLAND v.). See Case No. 6,606.

---

## Case No. 14,122.

### TOWSEND v. ORNE.

[See Case No. 10,582.]

---

TOY LONG (CHAPMAN v.). See Case No. 2,610.

---

## Case No. 14,123.

### TOY WILLIAM v. HALLETT.

[2 Sawy. 261.] [1]

Circuit Court, D. Oregon. Nov. 11, 1872.

PLEADING AT LAW—MOTION TO MAKE CERTAIN—ALLEGATION OF PERFORMANCE—CONTRACT TO FURNISH LABORERS.

1. T. W. agreed to furnish H. sixty-six or more men, at different rates of wages, to work upon the N. P. Railway for an indefinite time. In an action to recover a balance alleged to be due T. W. upon such contract, the plaintiff alleged that he had duly performed all the conditions thereof on his part: Held, on a motion to make more certain that the allegation was not sufficient, because the contract did not limit and settle what number

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

of men, or for what term the plaintiff was bound to furnish them, and therefore the averment was uncertain.

2. In an action upon such a contract it is not sufficient to allege that in pursuance thereof there became due the plaintiff a certain sum of money, but it must be alleged what amount of labor was furnished under the contract, and that there is due or became due therefor so much money.

3. Different breaches of same contract give rise to distinct causes of action.

[Cited in Broumel v. Rayner, 68 Md. 47, 11 Atl. 834.]

[This was an action by Toy William against J. L. Hallett to recover for the nonperformance of a contract.]

Charles B. Bellinger, for plaintiff.
Joseph N. Dolph, for defendant.

DEADY, District Judge. This is a motion to make the complaint more certain. The action is brought to recover a balance of $747.13, alleged to be due the plaintiff on a contract to furnish the defendant with laborers to work upon the North Pacific Railway; and for $116.28, damages alleged to have been sustained by the plaintiff by reason of the defendant's failure to furnish transportation for such laborers and their freight from their camp on said railway to Portland.

The complaint is upon an agreement dated June 18, 1872, between the plaintiff and defendant, whereby the former agreed to furnish the latter sixty-six, or more, Chinamen, in gangs of thirty working men, with one cook, water boy and interpreter to each gang, to work on the railway aforesaid, not exceeding three months. The working men, cooks and water boys were each to receive $30 per month, the interpreters $40, and the plaintiff as line boss was to receive $45 per month. The defendant was to furnish the plaintiff with passes over the railways and other lines of travel during the performance of the contract, and to pay all expense of taking said Chinamen from Roseburg to said railway and back again.

The complaint alleges that the plaintiff has duly performed all the conditions of said contract on his part, and that in pursuance of said contract there became due and owing him from defendant $4,317.64, of which sum $747.13 is still due and unpaid. In pleading the performance of conditions precedent, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the condition on his part. Or. Code [Gen. Laws 1845–64] p. 160. This is the general rule. But where the condition precedent is not definitely limited and settled in the contract, in the nature of things it cannot apply. In such a case there are no conditions precedent in the contract.

The written contract upon which the plaintiff complains in this case, provides that he shall furnish sixty-six or more laborers to the defendant. Now an averment that he